ECHARTE v. CLARK and others.

Where paper, due at a distant place, is left with a banker for collection, and such banker transmits it to a collecting agency at such distant place, who receives payment of it, the house thus collecting it are agents directly for the owner of the paper, and are responsible to them for neglect in collecting or paying over the money.

They can discharge themselves from such liability by paying over the money to the banker from whom they received it, but cannot so discharge themselves by passing it to his credit in general account.

THE plaintiff was the holder of paper payable in St. Louis, which he left with Smith & Co., bankers, in New York, where he resided, for them to collect for him. S. & Co. transmitted the paper to the defendants, who were their correspondents and bankers at St. Louis, to whom the money was paid when the paper became due. When it was thus paid to the defendants they passed the amount to the credit of S. & Co. in general account, but in no other manner accounted for it.

The plaintiff never having received the money, brought his action against the St. Louis house, and, on the trial, a verdict was taken subject to the opinion of the court.

*Edmonds, C. J.:* It was well understood at the time these drafts were given to J. T. Smith & Co., that they were to transmit them to St. Louis for collection, and were plaintiff's agents for that purpose alone. The defendants, who received them at St. Louis from S. & Co. and collected them, were, for that purpose, the agents of the plaintiff, and were directly responsible to him for negligence in collecting, and for the money when collected. Such was the implied contract between the parties to this suit, arising out of the well established custom of bankers

and the circumstances of this case. (*Bank of Orleans* v. *Smith*, 3 Hill, 560; *Bank of Washington* v. *Triplett*, 1 Peters, 25; *Fabens* v. *Mercantile Bank*, 23 Pick. 330; *East Haddam Bank* v. *Scovil*, 12 Conn. 303.)

The defendants in this case, having collected the money on the drafts, were immediately responsible to the owners of the paper. Smith & Co. had discharged the whole of their duty when they transmitted the paper, and from the time it was received by the defendants they became the agents of the plaintiff, and assumed all the responsibility attached to that character. A part of that responsibility was, to pay over the avails when collected; and, unless they have done so, the plaintiff can recover of them in this action.

The plaintiff having trusted Smith & Co. with the drafts, and the defendants having received them only through S. & Co., it would have been competent for the defendants to discharge themselves of their liability by paying over the proceeds to S. & Co. But this they have not done. They merely passed them to S. & Co.'s credit in general account. This has been expressly held not to be such a paying over as to exempt the agents from their liability to the real owners. (*Buller* v. *Harrison*, 2 Cowper, 565; *Lawrence* v. *Stonington Bank*, 6 Conn. 521.) The true test is, that there was no new credit given by defendants to S. & Co., no acceptance of new bills, no fresh goods bought or money advanced; in short, no alteration in their situation, and, therefore, nothing to discharge the defendants from the liability which attached upon their collecting the money.

There must be judgment for the plaintiff.